CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
August 12, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TA'KUAN BINGHAM,  )  <br>     Plaintiff,  ) <br>                     ) <br> v.  ) <br>                     ) <br> UNIT MANAGER LARRY COLLINS,  ) <br>     Defendant.  ) | Case No. 7:25-cv-00461 <br><br> By: Michael F. Urbanski <br> Senior United States District Judge |

## MEMORANDUM OPINION

Ta'Kuan Bingham, a state prisoner proceeding pro se and without prepayment of the filing fee, filed this action under 42 U.S.C. § 1983 against Larry Collins. For the reasons set forth below, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

### I. Background

Bingham is incarcerated at Red Onion State Prison. He previously filed at least three actions that were dismissed for failure to state a claim upon which relief may be granted. See Bingham v. Graham, No. 1:24-cv-01759 (E.D. Va. Mar. 28, 2025); Bingham v. Shaw, No. 1:24-cv-01034 (E.D. Va. Oct. 30, 2024), aff'd, No. 24-7114 (4th Cir. 2025); Bingham v. Red Onion State Prison Acct. Dep't, No. 7:24-cv-00208 (W.D. Va. July 22, 2024); Bingham v. Anderson, No. 1:23-cv-00654 (E.D. Va. Dec. 11, 2023).

On July 1, 2025, Bingham executed a form complaint under 42 U.S.C. § 1983 against Collins. Bingham alleges that the showers in his housing unit contain black mold and that he has notified Collins about the problem. Compl., ECF No. 1, at 2. He further alleges that he

has been denied access to a "cleaning chemical." Id. He requests monetary relief and an immediate transfer. Compl. at 2.

## II.    Discussion

"[T]he Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortis-Marquez, 590 U.S. 595, 597 (2020). The rule provides that a prisoner like Bingham, who has had three or more civil actions dismissed as frivolous, malicious, or for failure to state a claim, may not bring another civil action without prepayment of the filing fee unless he shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the imminent-danger exception, an inmate must "allege[] sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006). Instead, an inmate "must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Id. (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); see also Holley v. Combs, 134 F.4th 142, 144–46 (4th Cir. 2025) (concluding that an inmate satisfied the exception by alleging with specificity an ongoing practice of retaliation that had injured him and others similarly situated).

Bingham's complaint does not set forth facts sufficient to satisfy the imminent-danger exception. Although he complains of having observed mold in the showers, he does not assert that he is experiencing any serious symptoms or side effects as a result of being exposed to mold. His complaint is otherwise devoid of "sufficient and specific facts establishing that he

2

. . . is in imminent danger of serious physical injury." Hall, 44 F.4th at 224; see also Polanco v. Hopkins, 510 F.3d 152, 155 (2d Cir. 2007) (affirming the district court's decision that the imminent-danger exception had not been met in a case in which an inmate complained of being exposed to black mold). Consequently, Bingham may not proceed without prepayment of the filing fee.

### III.   Conclusion

For the reasons stated, Bingham has at least three strikes under 28 U.S.C. § 1915(g). Because he has not prepaid the filing fee or alleged facts sufficient to establish that he is in imminent danger of serious physical injury, his complaint is **DISMISSED** without prejudice.

An appropriate order will be entered.

Entered: August 12, 2025

Michael F. Urbanski
U.S. District Judge
2025.08.12 10:09:22
-04'00'

Michael F. Urbanski
Senior United States District Judge